UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ENGELMAYER

11 CV 7341

---

FRUMY BLOBSTEIN, as Trustee of the Blobstein Family Irrevocable Trust,

        Plaintiff,

-against-

AMERICAN GENERAL LIFE INSURANCE COMPANY,

        Defendant.

Case No.

**NOTICE OF REMOVAL**

[RECEIVED OCT 8 2011 U.S.D.C. S.D.N.Y. CASHIERS]

---

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Civil Rule 81.1, defendant American General Life Insurance Company ("AGL"), hereby gives notice of removal of the above-captioned action, which was commenced by the filing of a Summons and Complaint by plaintiff Frumy Blobstein, as Trustee of the Blobstein Family Irrevocable Trust ("Plaintiff") in the Supreme Court of the State of New York, County of New York, on or about October 7, 2011 (Index No. 652759/2011), to the United States District Court for the Southern District of New York. In support of removal, AGL states as follows:

1.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of the first date on which AGL received notice, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

2.    Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, which is located within the Southern District of New York.

3.    A copy of the Summons and Complaint that AGL received is attached hereto as Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of New York, promptly after the filing of this Notice of Removal. A copy of the unexecuted Notice of Filing is attached hereto as Exhibit B.

5. By filing this Notice of Removal, AGL does not waive any available defenses.

## THIS COURT HAS DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

7. As set forth more fully below, the parties to this action are completely diverse.

8. Plaintiff alleges in the Complaint that it is a trust "created under the laws of the State of New York." See Exhibit A, ¶ 1.

9. AGL is a citizen of the State of Texas where it was incorporated and where it maintains its principal place of business. AGL is not a citizen of the State of New York.

10. The amount in controversy exceeds $75,000, as Plaintiff's Complaint seeks, among other things, the return of over $1.4M in premium payments.

## CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Civil Rule 81.1, this Court has jurisdiction over this action and this action is properly removed from the Supreme Court of the State of New York, County of New York, to the United

States District Court for the Southern District of New York.

Dated: New York, New York
       October 18, 2011

                                          */s/ Andrew P. Fishkin*

                                          Andrew P. Fishkin
                                          Steven M. Lucks
                                          FISHKIN LUCKS LLP
                                          Attorneys for Defendant
                                          American General Life Insurance Company
                                          277 Broadway, Suite 408
                                          New York, New York 10007
                                          (646) 755-9200
                                          afishkin@FishkinLucks.com
                                          slucks@FishkinLucks.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| FRUMY BLOBSTEIN, as Trustee of the Blobstein Family Irrevocable Trust,<br><br>                  Plaintiff,<br><br>vs.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                  Defendant. | Date Filed: _____<br><br>Index No. _____/2011<br><br>Plaintiff designates New York County as the place of trial<br><br>The Basis of Venue is Defendant's Place of Business<br><br>**SUMMONS**<br><br>Plaintiff resides at<br><br>County of Kings |

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        October 7, 2011

                                            LIPSIUS- BENHAIM LAW, LLP
                                            Attorneys for Plaintiff

                                            By: _____
                                                David BenHaim, Esq.
                                                14 Penn Plaza, Suite 500
                                                New York, New York 10122
                                                (212) 981-8440

<u>Defendant's address:</u>

American General Life Insurance Company
830 Third Avenue
New York, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
FRUMY BLOBSTEIN, as Trustee of the Blobstein
Family Irrevocable Trust,                                                                    Index No.:

                Plaintiff,

  -against-                                                                                          **COMPLAINT**

AMERICAN GENERAL LIFE INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------------------X

      Frumy Blobstein, as the Trustee of the Blobstein Family Irrevocable Trust (the "Trust"), by his attorneys, Lipsius – BenHaim Law, LLP, alleges as follows:

### ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

      1.     Plaintiff, the Trust, is a trust created under the laws of the State of New York wherein Frumy Blobstein is the current Trustee.

      2.     Defendant, American General Life Insurance Company ("AIG"), at all times relevant was and is a life insurance company authorized to issue policies upon the lives of New York residents with an office located at 830 Third Avenue, New York, New York.

      3.     On or about April 11, 2008, AIG issued insurance policy number U10025477L (the "AIG policy") to the Trust insuring the life of 89-year old Armin Blobstein for $5 million.

      4.     On or about April 9, 2008, AIG submitted an illustration to the Trust which outlined the amount of premiums that will be due under the policy.

      5.     The April 9, 2008 illustration showed that the policy contained guaranteed premium rates until the insured reached age 99 as follows:

|  |  |  |  | Guaranteed @ 3.00% |  | Non-Guaranteed Midpoint @ 4.03% |  |  | Non-Guaranteed Current @ 5.05% |  |  |
|---|---|---|---|---|---|---|---|---|---|---|---|
| End of Year | Age | Premium Outlay | Death Benefit | Accum Value | Cash Surrender Value | Death Benefit | Accum Value | Cash Surrender Value | Death Benefit | Accum Value | Cash Surrender Value |
| 1 | 90 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 2 | 91 | 442,250 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 3 | 92 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 4 | 93 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 5 | 94 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 6 | 95 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 7 | 96 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 8 | 97 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 9 | 98 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
| 10 | 99 | 469,750 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 | 5,000,000 | 0 | 0 |
|  |  |  | Lapses @ year 11 |  |  | Lapses @ year 11 |  |  | Lapses @ year 11 |  |  |

6. Pursuant to the April 9, 2008 illustration, if the Trust paid $469,750 per year, the policy is guaranteed not to lapse until year 11 of the policy.

7. AIG required that the Trust sign the April 9, 2008 illustration before it issued the policy.

8. The Trust signed the April 9, 2008 illustration.

9. In reliance upon the representations made in the April 9, 2008 illustration by AIG, the Trust agreed to purchase the policy.

10. On June 30, 2009, AIG sent the Trust an in-force illustration showing that the policy was guaranteed through age 99 to remain in force if $469,750 is paid per year.

11. In reliance upon the June 30, 2009 illustration, the Trust continued to pay premiums on the policy.

12. On August 11, 2010, AIG sent the Trust an in-force illustration showing that the policy was guaranteed through age 99 to remain in force if $469,750 is paid per year.

13. In reliance upon the August 11, 2010 illustration, the Trust continued to pay premiums on the policy.

14. On December 2, 2010, AIG sent the Trust an in-force illustration showing that the policy was guaranteed through age 99 to remain in force if $469,750 is paid per year.

15. In reliance upon the December 2, 2010 illustration, the Trust continued to pay premiums on the policy.

16. On March 1, 2011, AIG sent the Trust an in-force illustration showing that the policy was guaranteed through age 99 to remain in force if $469,750 is paid per year.

17. In reliance upon the March 1, 2011 illustration, the Trust continued to pay premiums on the policy.

18. On May 26, 2011, AIG prepared an in-force illustration showing that the policy was guaranteed through age 99 to remain in force if $469,750 is paid per year.

19. In reliance upon the May 26, 2011 illustration, the Trust continued to pay premiums on the policy.

20. The Trust has paid all premiums to date on the policy.

21. On September 30, 2011, AIG sent the Trust an in-force illustration.

22. The September 30, 2011 illustration showed that the policy was guaranteed to age 95 at $469,750 per year.

23. The September 30, 2011 illustration showed that the policy premiums would jump to approximately double the amount in the sixth year of the policy.

24. Together with the September 30, 2011 illustration, AIG sent the following note:

> Please note, the previous reprojection that you received showing $38,000.00 monthly will guarantee the death benefit to age 99 was incorrect.
> The Monthly Guarantee Premium is only for 5 years not 10 years as previously ran. Included is the policy schedule for the plan, showing the Monthly
> Guarantee Premium only for 5 years. We apologize for any inconvenience this has caused.

3

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of the Complaint as if set forth at length herein.

26. The September 8, 2008 illustration is either a binding contract between AIG and the Trust or forms part of such a binding contract.

27. Under the terms of the September 8, 2008 illustration, AIG is required to insure the life of Armin Blobstein until April 11, 2019 in the amount of $5 million if the Trust pays $469,750 in premiums.

28. The Trust has paid and is willing to continue to pay $469,750 per year.

29. The September 30, 2011 illustration is an anticipatory breach of the contract.

30. As a result of the breach, the Trust has already suffered damages and will continue to suffer damages in the future.

## SECOND CAUSE OF ACTION – MISREPRESENTATION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of the Complaint as if set forth at length herein.

32. All of the illustrations sent between September 8, 2008 and September 30, 2011 contained representations by AIG concerning the premiums due on the policy.

33. The Trust relied upon the representations made in the September 8, 2008 illustration in deciding to accept the policy.

34. The representations made in the September 8, 2008 illustration were material to the Trust's decision to accept the policy.

35. The representations made in the September 8, 2008 illustration were false.

36. The Trust relied upon the representations made in the subsequent illustrations in deciding to continue to pay premiums.

37. The subsequent illustrations contained false representations.

38. As a result of the misrepresentations by AIG in the illustrations, the Trust has suffered damages and continues to suffer damages in the future.

### THIRD CAUSE OF ACTION – VIOLATION OF STATUTES

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 of the Complaint as if set forth at length herein

40. The misrepresentations by AIG in the policy illustrations were a violation of New York Insurance Law § 4226 and New Jersey Statute § 17:29B-4.

### FOURTH CAUSE OF ACTION – FRAUDULENT INDUCEMENT

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of the Complaint as if set forth at length herein

42. Upon information and belief, the misrepresentations made by AIG were done intentionally with an intent to deceive the Trust into first purchasing the policy and then continuing to pay premiums on the policy.

43. As a result of the misrepresentations by AIG in the illustrations, the Trust has suffered damages and continues to suffer damages in the future.

**WHEREFORE**, Frumy Blobstein, as Trustee of the Blobstein Family Irrevocable Trust, respectfully requests that the Court enter judgment against defendant as follows:

    a. A declaration declaring the policy rescinded and void *ab initio* together with a full refund of all premiums paid plus interest from the date of payment; and/or

    b. Reformation of the policy so that the guaranteed premiums of $469,750 remain in force until April 11, 2019; and/or

    c. Damages in an amount to be determined at trial; and

    d. Punitive damages in an amount to be determined at inquest and/or trial; plus

    e. Attorneys' fees together with such other relief as this Court may deem just and proper.

Dated: New York, New York  
       October 7, 2011

                                          LIPSIUS- BENHAIM LAW LLP  
                                          Attorneys for Plaintiff

                              By: _____  
                                     David BenHaim, Esq.  
                                     14 Penn Plaza, Suite 500  
                                     New York, New York 10122  
                                     (212) 981-8440

# EXHIBIT B

Andrew P. Fishkin
Steven M. Lucks
FISHKIN LUCKS LLP
Attorneys for Defendant
American General Life Insurance Company
277 Broadway, Suite 408
New York, NY 10007
(646) 755-9200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| FRUMY BLOBSTEIN, as Trustee of the Blobstein Family Irrevocable Trust, <br><br> Plaintiff, <br><br> -against- <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendant. | Index No. 652759/2011 <br><br> **NOTICE OF FILING OF** <br> **NOTICE OF REMOVAL** |

TO THE CLERK OF THE SUPREME COURT OF THE STATE OF NEW YOUR, COUNTY OF NEW YORK:

PLEASE TAKE NOTICE that on October 18, 2011, defendant American General Life Insurance Company filed in the United States District Court, Southern District of New York, a notice of removal. A copy of the notice of removal is attached as Exhibit A.

Pursuant to 28 U.S.C. § 1446, the filing of the notice of removal in the United States District Court, together with the filing of the notice of notice of removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the case is

remanded.

Dated: New York, New York
October 19, 2011

                                        _____
                                        Andrew P. Fishkin
                                        Steven M. Lucks
                                        FISHKIN LUCKS LLP
                                        Attorneys for Defendant
                                        American General Life Insurance Company
                                        277 Broadway, Suite 408
                                        New York, NY 10007
                                        (646) 755-9200


TO:   David BenHaim, Esq.
      LIPSIUS-BENHAIM LAW LLP
      Attorneys for Plaintiff
      14 Penn Plaza, Suite 500
      New York, NY 10122
      (212) 981-8440

00022275.1