UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRUMY BLOBSTEIN, as Trustee of the Blobstein Family Irrevocable Trust,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>        Defendant/Counterclaim Plaintiff. | Case No.: 1:11-cv-07341 (PAE)<br><br>**ANSWER AND COUNTERCLAIM OF AMERICAN GENERAL LIFE INSURANCE COMPANY** |

Defendant/Counterclaim Plaintiff American General Life Insurance Company ("American General"), by and through its undersigned counsel, hereby responds to the Complaint as follows:

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Denies the truth of the allegations contained in paragraph 2 of the Complaint, except admits that American General is an insurance company and that Armin Blobstein, the insured, provided a New York address on the policy application which was taken and signed by the insured and the Trust in Lakewood, New Jersey.

3.    Admits the allegations contained in paragraph 3 of the Complaint.

4.    In response to the allegations contained in paragraphs 4-6 of the Complaint, admits that American General provided the Trust with a premium illustration on or about April 9, 2008 and refers Plaintiff to that premium illustration which speaks for itself.

5.    Admits the allegations contained in paragraph 7 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 8-9 of the Complaint.

7. In response to the allegations contained in paragraph 10 of the Complaint, admits that American General provided the Trust with a premium illustration on or about June 30, 2009 and refers Plaintiff to that premium illustration which speaks for itself.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

9. In response to the allegations contained in paragraph 12 of the Complaint, admits that American General provided the Trust with a premium illustration on or about August 11, 2010 and refers Plaintiff to that premium illustration which speaks for itself.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

11. In response to the allegations contained in paragraph 14 of the Complaint, admits that American General provided the Trust with a premium illustration on or about December 2, 2010 and refers Plaintiff to that premium illustration which speaks for itself.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

13. In response to the allegations contained in paragraph 16 of the Complaint, admits that American General provided the Trust with a premium illustration on or about March 1, 2011 and refers Plaintiff to that premium illustration which speaks for itself.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

15. In response to the allegations contained in paragraph 18 of the Complaint, admits that American General provided the Trust with a premium illustration on or about May 26, 2011

and refers Plaintiff to that premium illustration which speaks for itself.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

17. Denies the truth of the allegations contained in paragraph 20 of the Complaint.

18. In response to the allegations contained in paragraphs 21-23 of the Complaint, admits that American General provided the Trust with a premium illustration on or about September 30, 2011 and refers Plaintiff to that premium illustration which speaks for itself.

19. In response to the allegations contained in paragraph 24 of the Complaint, admits that American General sent correspondence to the Trust in connection with the September 30, 2011 premium illustration and refers Plaintiff to that correspondence which speaks for itself.

## AS TO FIRST CAUSE OF ACTION

20. In response to paragraph 25 of the Complaint, American General repeats and reiterates its answers to the allegations contained in paragraphs 1-19 of this Answer.

21. Denies the truth of the allegations contained in paragraphs 26-28 of the Complaint.

22. The allegations contained in paragraph 29 of the Complaint purport to state a legal conclusion to which no responsive pleading is required.

23. Denies the truth of the allegations contained in paragraph 30 of the Complaint.

## AS TO SECOND CAUSE OF ACTION

24. In response to paragraph 31 of the Complaint, American General repeats and reiterates its answers to the allegations contained in paragraphs 1-23 of this Answer.

25. In response to the allegations contained in paragraph 32 of the Complaint, admits that American General provided the Trust with premium illustrations during the time period

alleged, all of which speak for themselves.

26. Denies the truth of the allegations contained in paragraphs 33-35 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

28. Denies the truth of the allegations contained in paragraphs 37-38 of the Complaint.

### AS TO THIRD CAUSE OF ACTION

29. In response to paragraph 39 of the Complaint, American General repeats and reiterates its answers to the allegations contained in paragraphs 1-28 of this Answer.

30. Denies the truth of the allegations contained in paragraph 40 of the Complaint.

### AS TO FOURTH CAUSE OF ACTION

31. In response to paragraph 41 of the Complaint, American General repeats and reiterates its answers to the allegations contained in paragraphs 1-30 of this Answer.

32. Denies the truth of the allegations contained in paragraphs 42-43 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because the life insurance policy at issue has lapsed.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are not ripe for

adjudication.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that if Plaintiff recovers any of the damages alleged in the Complaint, Plaintiff would be unjustly enriched.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were caused by Plaintiff's own acts or omissions or the acts or omissions of a third party or third parties over whom American General has no control.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to meet all conditions precedent under the terms of the parties' agreement.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no harm that was proximately caused by American General.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the specific terms of the agreement between the parties.

WHEREFORE, Defendant/Counterclaim Plaintiff American General Life Insurance Company respectfully requests that this Court enter judgment dismissing the Complaint against it with prejudice, the expenses of defense and costs of suit, and for such other relief as to this Court may seem appropriate.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff American General Life Insurance Company, by way of Counterclaim against Plaintiff/Counterclaim Defendant Frumy Blobstein, as Trustee of the Blobstein Family Irrevocable Trust (the "Trust") states:

## SUMMARY OF CLAIM

1. American General seeks a declaration from this Court pursuant to 28 U.S.C. §§ 2201 and 2202 concerning its rights and obligations in connection with a Flexible Premium Adjustable Life Policy (No. U10025477L) issued by American General to the Trust in the amount of $5,000,000 (the "Policy"), which has lapsed under the express terms of the Policy due to the Trust's failure to make required premium payments.

## PARTIES

2. American General is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Houston, Texas.

3. Upon information and belief, Frumy Blobstein is a citizen of the State of New York and the trustee of the Blobstein Family Irrevocable Trust, an unincorporated entity formed under the laws of the State of New York and located Lakewood, New Jersey.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different States.

5. Venue exists in this Court pursuant to 28 U.S.C. § 1441(a) because the action was properly removed from the Supreme Court of the State of New York, New York County.

## FACTS

6. On or about April 11, 2008, American General issued the Policy to the Trust in Lakewood, New Jersey, insuring the life of Armin Blobstein.

7. The Policy required annual premium payments in the amount of $469,749.96.

8. Through August 2011, the Trust made the required premium payments under the Policy.

9. Since that time, however, the Trust has failed to make required premium payments that were due and owing for the period beginning September 11, 2011 and continuing to date.

10. On or about September 12, 2011, American General notified the Trust in writing that "the current values [of the Policy were] insufficient to cover the monthly charges due September 12, 2011" and that the policy "is in its grace period and will terminate without value unless a payment of $114,000 is received prior to November 14, 2011."

11. The Trust failed to remit the past due premium payments to American General by the November 14, 2011 grace period expiration date.

12. While the Trust did deliver a check for the past due premiums, the check was not delivered to American General and, in any event, was properly rejected and returned to the Trust due to a series of conditions that the Trust attached to it. For example, although the Policy insured the life of Armin Blobstein through age 99, the Trust attempted to extend the length of the Policy by stating on the face of the check that it was presented "upon the express condition" that American General insure Mr. Blobstein "until age 120."

13. The Policy provided that "[i]f the amount required to keep Your policy in force is not paid by the end of the Grace Period . . . this policy will terminate without value." All

premium payments were required to be made unconditionally under the Policy.

14.     Given the foregoing, on November 14, 2011, American General properly terminated the Policy and advised the Trust in writing that "[t]he value of [the Policy] was not sufficient to cover the minimum required monthly premium" and that the "grace period has also expired and [the Policy] has now lapsed for non-payment of premium."

## FIRST COUNT
(Request for Declaratory Relief)

15.     American General incorporates each and every allegation set forth above as if fully set forth herein.

16.     American General seeks judgment declaring that: (i) the Policy lapsed as of November 14, 2011; (ii) American General has had no obligations or liabilities under the Policy as of the date of the lapse; and (iii) the Trust has had no rights under the Policy as of the date of the lapse.

17.     An actual and justiciable controversy presently exists between American General and the Trust concerning their respective rights and obligations under the Policy as evidenced by the Trust's direct claims against American General in this action. A judgment from this Court is necessary and appropriate at this time to declare the parties' rights and obligations, if any, under the Policy.

WHEREFORE, Defendant/Counterclaim Plaintiff American General respectfully requests that the Court enter an Order:

(a)     Declaring that: (i) the Policy lapsed as of November 14, 2011; (ii) American General has had no obligations or liabilities under the Policy as of the date of the lapse; and (iii) the Trust has had no rights under the Policy as of the date of the lapse; and

(b) Awarding American General the expense and costs of suit and such other and further relief as to this Court may seem appropriate.

Dated: November 30, 2011

*[signature]*

Andrew P. Fishkin
Steven M. Lucks
FISHKIN LUCKS LLP
Attorneys for American General
Life Insurance Company
277 Broadway, Suite 408
New York, New York 10007
(646) 755-9200
afishkin@FishkinLucks.com
slucks@FishkinLucks.com